**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA,**

    Plaintiff/Respondent,

    v.                                     **CIV. NO. 07-630 MCA/ACT**
                                              **CR. NO. 03-892 MCA**

**TEDDY P. CHIQUITO**,

    Defendant/Movant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court upon Defendant Teddy P. Chiquito's ("Chiquito") Motion Pursuant to 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed July 2, 2007. [Doc. 1.] The District Judge referred this matter to the United States Magistrate Judge Alan C. Torgerson for proposed findings and recommended disposition, and hearing if necessary. [Doc. 4.] Chiquito asserts that his conviction violates the prohibition against double jeopardy, that the trial court erred in not striking paragraphs 11-25 of the Pre-Sentence Report ("PSR") and that his counsel was ineffective. Having reviewed the pleadings, the PSR, relevant law, and being otherwise fully advised, the Court finds the Motion should be denied. Because the issues are resolved on the pleadings, and the record establishes conclusively that Chiquito is not entitled to relief, an evidentiary hearing is not necessary. 28 U.S.C. §2255; *Trice v. Ward* 196 F.3d 1151, 1159 (10th Cir. 1999), *cert. denied*, 531 U.S. 835 (2000).

## **PROPOSED FINDINGS**

Factual and Procedural Background.

    1.    The relevant facts are stated in the Tenth Circuit Court of Appeals' decision:

> Shortly after midnight on May 25, 2002, Mr. Chiquito became concerned that his fourteen-year-old daughter was attending a party at his ex-wife's home where alcohol was present. Mr. Chiquito drove to his ex-wife's home, where he found the daughter intoxicated. Although Mr. Chiquito was a police officer with the Navajo Nation Police Department, he was neither on duty nor in uniform that night, nor was he driving a police vehicle. Mr. Chiquito did, however, carry his Navajo Nation police-duty weapon with him into the party.
> Shortly after Mr. Chiquito dragged his daughter from the house, a seventeen year-old, P.H., approached him. Mr. Chiquito shot P.H. in the stomach in the altercation that followed. A second man, Jonah Toledo, approached and Mr. Chiquito shot him in the leg. Mr. Chiquito testified that he warned Mr. Toledo to stop and shot him when he kept charging. Mr. Toledo testified that he was ten yards away.

*United States v. Chiquito*, 175 Fed. Appx 215 (10th Cir. 2006).

    2.    A jury found Chiquito guilty on 3 counts:

        Count I: 18 U.S.C. § 113(a)(3), Assault with a Dangerous Weapon;
        Count II: 18 U.S.C. § 113(a)(6), Assault Resulting in Serious Bodily Injury; and
        Count V: 18 U.S.C. § 924(c)(1)(A)(iii) Discharge of a Firearm During and in Relation to a Crime of Violence.

    3.    On January 18, 2005, the district court sentenced him to two 24-month prison terms on Counts I and II, to be served concurrently, followed by a ten-year minimum mandatory consecutive sentence on Count V.

    4.    Chiquito filed an appeal asserting that the trial court abused its discretion in not allowing the jury to view the scene of the shootings. In addition, pursuant to *Anders v. California*, 386 U.S. 738 (1967), seven other claims were raised by Chiquito, including a claim of double jeopardy.

    5.    On April 6, 2006, the Tenth Circuit entered an Order and Judgment affirming the district court. *Id.*

Legal Standard for Motions under § 2255.

      6.      A person may challenge the validity of his sentence under 28 U.S.C. § 2255 by moving the court that imposed the sentence to "vacate, set aside, or correct the sentence." 28 U.S.C. § 2255, *Daniels v. United States*, 532 U.S. 374 (2001). Section 2255 authorizes the sentencing court to discharge or resentence a prisoner if the court concludes that it was without jurisdiction to impose the sentence, the sentence was in excess of the maximum authorized by law, or the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255, *United States v. Addonizio*, 442 U.S. 178 (1979). Relief under § 2255 is an extraordinary remedy. *Addonizio*, 442 U.S. at 184.

Discussion.

      *1.      Double jeopardy.*

      7.      In his petition, Chiquito asserts that the prohibition against double jeopardy was violated. Chiquito cannot prevail because the Tenth Circuit Court of Appeals decided this issue and found that Chiquito's conviction did not violate the prohibition against double jeopardy. *Chiquito*, 175 Fed. Appx at 219. The Court stated that:

> Mr. Chiquito raises a double jeopardy claim that he was tried in federal court "as Indian and law enforcement officer." The double jeopardy clause protects "against a second prosecution from the same offense after acquittal, against a second prosecution for the same offense after conviction, and against multiple punishments for the same offense." *Justices of Boston Municipal Court v. Lydon*, 466 U.S. 294, 306-07 (1984). Because Mr. Chiquito presents no argument that any of those three scenarios exist in this case, we find that double jeopardy does not apply.

*Id.*

      8.      A claim that is actually decided on direct review cannot be relitigated under § 2255 absent "countervailing equitable considerations." *Withrow v. Williams*, 507 U.S. 680, 720-21 (1993). "Absent an intervening change in the law of a circuit, issues disposed of on direct appeal

generally will not be considered on a collateral attack by a motion pursuant to § 2255." *United States v. Prichard*, 875 F.2d 789, 790-91 (01th Cir. 1989). Chiquito does not argue a change in law, nor has there been a change in the law.

      9.      In his petition, Chiquito attempts to assert new grounds for his double jeopardy claim. However, as he did not raise these grounds on direct appeal, he is barred from raising the issue in a § 2255 proceeding, unless he establishes either cause excusing the procedural default and prejudice resulting from the error or a fundamental miscarriage of justice if the claim is not considered. *United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996). A claim of actual innocence may also overcome a default. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

      10.      Chiquito has made no showing of cause. There is "no showing that the factual or legal basis for a claim was not reasonably available to counsel, or that some interference by officials made compliance impracticable...." *Id.* at 488. To the contrary, Chiquito asserted his claim of double jeopardy on direct appeal. Moreover, Chiquito has failed to demonstrate a "fundamental miscarriage of justice." The miscarriage of justice exception is narrow. It is reserved solely for those with a colorable showing of factual innocence. The typical example is when the state has convicted the wrong person of the crime. *United States v. Kennedy*, 29 F. Supp. 2d 6622, 677 (D. Colo. (internal citations omitted), *cert. denied*, 225 F.3d 187 (10th Cir. 2000). Chiquito does not claim nor does the record support any claim that he is in fact innocent.

      2.      *Pre-Sentence Report.*

      11.      Chiquito asserts that his Sixth Amendment was violated when the court denied his motion to strike paragraphs 11 through 25 in his "PSR" pursuant to *United States v. Booker*, 543 U.S. 220 (2005). The district court overruled the objection. Chiquito did not raise this issue on

direct appeal. As discussed previously, Chiquito is barred from raising an issue in a § 2255 motion if he failed to raise the issue on direct appeal, "unless he established either cause excusing the procedural default and prejudice resulting from the error or a fundamental miscarriage of justice if the claim is not considered." *Cox*, l83 F.3d at 341. The court's analysis of Chiquoto's double jeopardy claim applies. Chiquito has not made a showing of cause and has not demonstrated a "fundamental miscarriage of justice."

    *3.    Ineffective assistance of counsel.*

12.    Ineffective assistance of counsel claims are an exception to the procedural default rule and these claims may be raised for the first time in a § 2255 procedure. *Massaro v. United States*, 538 U.S. 500, 504 (2003). Thus, "[a] defendant may establish cause for his procedural default by showing that he received ineffective assistance of counsel in violation of the Sixth Amendment." *United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995).

13.    To prove ineffective assistance of counsel, Chiquito must show that his attorney's performance was constitutionally inadequate and that his attorney's constitutionally ineffective performance prejudiced him. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Counsel's performance is deficient if it "falls below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 690 (1984). To demonstrate that his lawyer's professional performance was deficient, Chiquito must show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. *Id*. at 688. Prejudice is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. The ultimate

inquiry in a claim for ineffective assistance of counsel focuses on the fundamental fairness of the proceeding. *Id.* If Chiquito fails to establish either incompetence or prejudice, his claim of ineffective assistance of counsel must fail. *Id*. at 697, 700.

      *a.*      *Double jeopardy.*

14.      Chiquito asserts that he received multiple punishments for the same offense violating *Blockburger v. United States*, 284 U.S. 299 (1932). *Blockburger* requires that each offense must require proof of a different element. *Id*. at 304. He asserts that "Count V charges the exact, same conduct as counts I and II...." Memorandum of Points and Authorities at 2. Chiquito's claim is without merit. As pointed out by the Defendant, each Count requires proof of different elements.

> Serious bodily injury must be inflicted to convict on Count 1, but not for Counts 2 or 5. A weapon must be used in Count 2, but the victim need not be injured as in Count 1, the weapon need not be a firearm as in Count 5, and even a firearm need not be discharged as in Count 5. Count 2 can apply to knife fights and would, for example, accommodate both the pointing of a gun and the use of it as a bludgeon in a pistol-whipping. By contrast, Count 5 requires neither a serious injury nor a specific intent to injure, but does not specify that the weapon be a firearm, and that the firearm be discharged in addition to whatever would prove its underlying federal crime or crimes of violence (or drug trafficking).

Response, p. 6; *United States v. Good Bird*, 197 F.3d 1203, 1204-05 (8th Cir. 1999). Moreover, it is well settled that a conviction under Count V, § 924(c), discharge of a firearm during a crime of violence, requires an additional prison sentence to be imposed in addition to the prison sentence for the underlying offense. *United States v. Joilvette*, 257 F.3d 581, 585-87 (6th Cir. 2001).

      *b.*      *PSR.*

15.      The court in *Booker* held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 543 U.S. at 244. In this matter, Chiquito was sentenced to 24 months

on Counts 1 and II and to the 10 year statutory minimum for Count V.  The guideline range for Counts I and II was 24-30 months. *Transcript of Sentence Hearing*, January 18, 2005, filed February 25, 2005 ("Transcript"), at 33.  And the statutory minimum for Count V is 10 years.  The sentence imposed did not exceed the maximum permissible, under a mandatory guidelines scheme, based on the jury verdict.

16. In support of this argument, Chiquito cites to his motion for downward departure. The court denied the motion. Chiquito has not shown and the record does not demonstrate that the court relied on facts contained in the portions of the PSR to which Chiquito objected.  Rather, the record shows the contrary.

> Ms. Robins, I'm going to deny your motions for downward departure on both grounds.  The first ground generally speaks to the client background as an officer, to his work with the schools, with his chapter, Ojo Encino Chapter, contributions he has made to his community.  All of those things certainly are considered, but they don't necessarily take this thing out of the heartland, and I find that they don't rise to that level to warrant a downward departure.  The second speaks to, I think what you described in your comments earlier about a person who commits a crime in order to avoid greater harm.

*Transcript* at 30-31.

17. The Court then cites to the evidence before the jury and there is no mention of the portions of the PSR to which Chiquito objected. *Transcript* at 31-33. As Chiquito fails to assert any facts that show that the court relied on the objected portions of the PSR in imposing sentence, he cannot show any prejudice.

18. Chiquito has failed to show that his counsel's performance was deficient or that but for counsel's alleged unreasonable conduct, he would have been entitled to lesser sentence. Moreover, Chiquito failed to show that the performance of his counsel prejudiced his defense.

*Strickland*, 266 U.S.at 668. Thus, Chiquito cannot prevail on his claim of ineffective assistance of counsel. *U.S. v. Hahn*, 191 F. Appx. 758 (10th Cir. 2006).

## RECOMMENDED DISPOSITION

I recommend that the Chiquito's Motion Pursuant to 28 U.S.C. §2255 to Vacate, Set Aside, or Correction by a Person in Federal Custody filed July 2, 2007, be **DISMISSED.**

Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendation with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendation. If no objections are filed, no appellate review will be allowed.

                                            **ALAN C. TORGERSON**
                                            **UNITED STATES MAGISTRATE JUDGE**